**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 10-cv-02909-LTB-MEH

SHARON KRAMER,

    Plaintiff,

v.

MERCY HOUSING, INC., a Nebraska nonprofit corporation,

    Defendant.

_____

**PROTECTIVE ORDER**
_____

    This Court, upon Plaintiff's Unopposed Motion for Protective Order, hereby GRANTS Plaintiff's Motion, and orders the following:

    1.    This Protective Order governs the use and handling of documents, exhibits and testimony relating to Plaintiff's PERSONAL MEDICAL OR FINANCIAL INFORMATION produced or provided by Plaintiff in the above captioned litigation (Acase@), whether in response to a discovery request or otherwise.

    2.    With respect to PERSONAL MEDICAL OR FINANCIAL INFORMATION contained in documents and things, Plaintiff shall indicate in writing to Defendant those items she considers PERSONAL MEDICAL OR FINANCIAL INFORMATION for purposes of the protection of this Order.

    3.    With respect to Plaintiff's PERSONAL MEDICAL OR FINANCIAL INFORMATION furnished in the form of deposition testimony, Plaintiff shall appropriately designate such PERSONAL MEDICAL OR FINANCIAL INFORMATION on the record at the time the testimony is taken or in writing within seven days of receipt of the transcript of such

deposition testimony.

4. With respect to PERSONAL MEDICAL OR FINANCIAL INFORMATION furnished in the form of written discovery responses, Plaintiff shall appropriately designate such PERSONAL MEDICAL OR FINANCIAL INFORMATION next to or above the response without covering the text of the response.

5. If testimony is designated as PERSONAL MEDICAL OR FINANCIAL INFORMATION, the cover page and those portions of the original transcripts and all copies of deposition transcripts that contain PERSONAL MEDICAL OR FINANCIAL INFORMATION shall bear the legend APERSONAL MEDICAL OR FINANCIAL INFORMATION SUBJECT TO PROTECTIVE ORDER.@

6. Any motions, briefs, or other documents filed with the Court containing PERSONAL FINANCIAL INFORMATION shall be redacted so that complete account numbers, membership numbers, or similar financial information is not identifiable. The Party filing the document shall use its best judgment in how to redact the information so as both to maintain its utility and to protect it from possible misappropriation by a third party.

7. Defendant and its counsel shall not (unless directed or permitted by the Court or another court having competent jurisdiction) disclose Plaintiff's PERSONAL MEDICAL OR FINANCIAL INFORMATION, except as otherwise provided herein, to any person other than:

(i) The Court, court personnel, court reporters, certified shorthand reporters, and persons operating video recording equipment at depositions in this action.

(ii) Counsel who have appeared of record for a party in this action; partners, associates, paralegals, legal assistants, or other employees of such counsel assisting in the defense of this action.

(iii) Representatives of Defendant who have a need to know the PERSONAL MEDICAL OR FINANCIAL INFORMATION for purposes of settlement or defense of this lawsuit, as determined by Defendant and Defendant's counsel.

(iv) Deposition or trial witnesses in the case and their counsel, and outside experts or consultants (and their employees) employed or retained Defendant its counsel for the purpose of assisting counsel in the investigation, prosecution, or defense of claims in the case; provided, however, that prior to disclosing PERSONAL MEDICAL OR FINANCIAL INFORMATION to any person specified in this subdivision A(iv),@ Defendant and its counsel shall first inform such person of the terms of this Protective Order, shall give such persons a copy of this Protective Order, and shall obtain the written agreement of such persons that they will be bound by this Protective Order; and provided further that the agreement of each such person shall be maintained by counsel authorizing the disclosure.

(v) Banks, retailers, medical offices, health care facilities, and similar entities that have or may have discoverable information related to the PERSONAL MEDICAL OR FINANCIAL INFORMATION.

(vi) Any mediator in this action.

This Protective Order shall not apply to any disclosure if (l) prior written consent to such disclosure has been obtained from counsel for Plaintiff, or (2) permission for such disclosure has been given by the Court or another court having competent jurisdiction. Depositions in which PERSONAL MEDICAL OR FINANCIAL INFORMATION will be disclosed shall be taken only in the presence of persons identified in this Paragraph, and pursuant to the requirements of this Paragraph. Subject to the Federal Rules of Evidence PERSONAL MEDICAL OR FINANCIAL INFORMATION may be offered in evidence at trial or at any Court hearing.

8. No copies of PERSONAL MEDICAL OR FINANCIAL INFORMATION shall be made except by or on behalf of counsel for Defendant for legitimate purposes related to the defense or settlement of this case. Any such copies shall be made and used solely for purposes of the case.

9. During the pendency of the case, Defense counsel shall retain custody of PERSONAL MEDICAL OR FINANCIAL INFORMATION and all copies made therefrom pursuant to the preceding paragraph, except for any copies distributed to third parties for legitimate purposes related to the defense or settlement of this case, including but not limited to subpoenas, discovery, depositions, and court filings.

10. Defendant may object to the designation of particular PERSONAL MEDICAL OR FINANCIAL INFORMATION by giving written notice to Plaintiff. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of Plaintiff to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as PERSONAL MEDICAL OR FINANCIAL INFORMATION under the terms of this Protective Order until the Court rules on the motion. If Plaintiff fails to file such a motion within the prescribed time, the disputed information shall lose its designation as PERSONAL MEDICAL OR FINANCIAL INFORMATION and shall not thereafter be treated as PERSONAL MEDICAL OR FINANCIAL INFORMATION in accordance with this Protective Order. In connection with a motion filed under this provision, Plaintiff shall bear the burden of establishing that good cause exists for the disputed information to be treated as PERSONAL MEDICAL OR FINANCIAL INFORMATION.

11. The inadvertent or unintentional disclosure of PERSONAL MEDICAL OR

FINANCIAL INFORMATION to Defendant shall not preclude Plaintiff from later designating such information as PERSONAL MEDICAL OR FINANCIAL INFORMATION provided that it shall not be considered a violation of this Order to disclose such undesignated PERSONAL MEDICAL OR FINANCIAL INFORMATION any time prior to Plaintiff's designation of such information as "PERSONAL MEDICAL OR FINANCIAL INFORMATION".

12. The parties will use their best efforts to limit the unnecessary disclosure of information subject to this Protective Order during any court proceeding to protect its confidentiality during such use.

13. PERSONAL MEDICAL OR FINANCIAL INFORMATION shall be used by Defendant only for the purpose of the defense or settlement of this action, and for no other purpose. Accordingly, Defendant shall not use or intentionally permit or encourage any other person to use any PERSONAL MEDICAL OR FINANCIAL INFORMATION, or any information contained therein, for any purpose whatsoever except for the case, in accordance with this Protective Order.

14. In the event Defendant receives a subpoena (or other lawful and enforceable order issued by any court or agency having competent jurisdiction) regarding or requiring the production of any PERSONAL MEDICAL OR FINANCIAL INFORMATION, Defendant shall provide prompt written notice of such subpoena or request to Plaintiff, who may contest such subpoena or request for any PERSONAL MEDICAL OR FINANCIAL INFORMATION subject to the provisions of this Protective Order, or may otherwise take whatever lawful measures are necessary and appropriate to protect Plaintiff's interests in the confidentiality of such material. Defendant shall reasonably cooperate with Plaintiff in its efforts to protect the PERSONAL MEDICAL OR FINANCIAL INFORMATION from disclosure, provided that this Order shall not be interpreted to preclude Defendant from complying with any such subpoena or lawful order that has not been quashed or set

aside.

15. Except as otherwise agreed in writing by the parties, within sixty (60) days of the conclusion of the case *(i.e.,* settlement, summary judgment, trial, and/or all appeals), Defendant shall exercise its best efforts to ensure that all PERSONAL MEDICAL OR FINANCIAL INFORMATION in the possession of Defendant or any agents or independent contractors thereof, and all copies thereof, produced or released by Plaintiff, shall be promptly returned to Plaintiff, or, at the written request of the Plaintiff, destroyed. If the PERSONAL MEDICAL OR FINANCIAL INFORMATION is destroyed, Defendant's counsel shall provide the Plaintiff's counsel with a certificate identifying the PERSONAL MEDICAL OR FINANCIAL INFORMATION so destroyed, without disclosing its contents.

16. Any party may request that the Court modify or otherwise grant relief from any provision of this Protective Order, provided that the opposing Party has a full and fair opportunity to present its position to the Court with regard to the relief requested.

17. This Protective Order is entered into solely for purposes of facilitating the exchange of documents and information between the parties to this action. Nothing in this Protective Order shall operate as an admission or assertion by any party that any particular material is, or is not, admissible in evidence. Nothing in this Order shall be interpreted to preclude or to limit any party or witness from making and pursuing objections to relevancy, admissibility, or discovery regarding any material, or from making and pursuing any other objection authorized by applicable rule, law, order, or statute.

18. Material produced by any party or a witness prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if such Protective Order had been entered by the Court as of the date such material was produced.

19. Nothing in this Protective Order shall be interpreted to prevent or to restrict the parties from using or disclosing its own material (including its own PERSONAL MEDICAL OR FINANCIAL INFORMATION) in any manner whatsoever.

20. Nothing in this Protective Order shall be construed as a waiver of any rights by any party or a witness with respect to matters not specifically provided for herein, including, but not limited to, a waiver of the attorney-client privilege, the work product doctrine, and/or any other privilege or similar doctrine.

21. This Protective Order shall survive the termination of the case.

22. Counsel have represented and warranted that they have discussed this Protective Order with their respective clients and that they are authorized to and do hereby bind their respective clients to the terms of this Protective Order. In the event that additional individuals or entities become parties to the case, such parties shall be required to agree in writing to the terms of this Protective Order prior to receiving any PERSONAL MEDICAL OR FINANCIAL INFORMATION, or any portion thereof.

23. Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the Court, or from filing a motion with respect to the manner in which PERSONAL MEDICAL OR FINANCIAL INFORMATION shall be treated at trial.

BY THE COURT:

*Michael E. Hegarty*

_____
United States Magistrate Judge